No. 6.—John H. Lumpkin and Wesley Shropshire, et al., plaintiffs in error, *vs.* Thomas H. Jones, defendant in error.

By the 13th section of the charter of the Western Bank of Georgia, it is declared : " The said corporation shall not at any time suspend or refuse payment in gold or silver of any of its notes, bills or obligations ; and if the said corporation shall at any time refuse or neglect to pay on demand any bill, note or obligation issued by the corporation, according to the contract, promise or understanding, the charter hereby granted shall be forfeited," &c. And by the 20th section of the charter, it is provided, that " all transfers of stock in said bank shall be wholly void if made within six months *previous* to the failure of said bank," &c. A refusal, therefore, of the bank to redeem its notes, bills, obligations, &c., was such a *failure*, in the contemplation of the charter, as to make void all transfers of stock made within six months previous to such refusal, and to render the stockholders, so transferring, liable for the debts of the institution, notwithstanding such transfer. It was not necessary that the insolvency of the bank should have been *judicially* ascertained to establish the fact of a failure, within the meaning and intention of the Legislature.

Though the temporary suspension of specie payments in the year 1838 was in the meaning of the charter *a failure of the bank*, yet a subsequent resumption—in pursuance of the Act of 18th December, 1840, which was intended to relieve the suspended banks from the liabilities they had incurred under their charters, on account of their failure to redeem their liabilities in gold and silver—cured that failure, so as to affect the rights of the parties in the sale of stock.

This was an action of Assumpsit, tried before Judge WRIGHT, in the Superior Court of the county of Floyd.

It was predicated upon a note of hand for $892 50, dated March 11, 1841, due six months thereafter, payable to defendant in error, and subscribed by one Robert Ware, and the plaintiffs in error, John H. Lumpkin and Wesley Shropshire. Ware having died, Lumpkin and Shropshire were the only parties originally sued. At October Term, 1843, of the court below, a verdict was rendered against them, from which they appealed, giving Thomas Treadaway, the other plaintiff in error, as their security on appeal. Several pleas were filed by the plaintiffs in error, alleging that the note sued on, was given for shares of bank stock in the Western Bank of Georgia, and that the bank suspended specie payments and failed within six months after the transfer of the stock and the giving of the note; and that the contract upon the said transfer of stock and the giving of said note was, therefore, void. Also, failure of consideration, &c.

At the January Term, 1846, of the court below, the case came on for trial, when the note sued on was introduced, and read in evidence to the jury. It was then proven on the part of the plaintiffs in error, by the depositions of Thomas Pullum, that the note sued on was given for bank stock of the Western Bank of Georgia; that it was made on the 11th of March, 1841, and the transfer of the stock was made on the books of the bank on the same day; that the said bank, (at the time of taking his answers,) was insolvent, and utterly unable to meet its liabilities or redeem its bills; that it suspended the payment of its bills and liabilities on the 31st of August, in the year above mentioned, and has not resumed the payment of its bills or liabilities since that time; that witness held the offices of clerk and book-keeper in said bank from January, 1840, till the latter part of the year 1843.

Thomas C. Hackett testified that the defendant in error admitted to him that the note sued on was given for bank stock of the Western Bank of Georgia.

The defendant in error then proposed to prove that the said bank had suspended specie payments in the year 1838; to which it was objected by counsel for the plaintiffs in error, that the proposed testimony was not rebutting, and that proof of a preceding suspension could not affect the failure of the bank, which had been proven to have taken place on the 31st of August, 1841; which objection the court below overruled, and admitted the testimony. The plaintiffs in error excepted.

It was proved by a witness that about the last of August, 1841, he had a twenty dollar bill of its money, and that the bank did not pay specie to him, though demanded; and by another witness the suspension in 1838 was proved. On the part of the plaintiffs in error, it was then proved that frequent draws upon the bank for considerable sums of money were made during the spring and summer of 1841, all of which were honored, until about the last of August of that year.

Whereupon the cause was argued in the court below, before the jury; and the presiding Judge (WRIGHT) charged that, by the thirteenth section of the Act incorporating the Western Bank of Georgia, which declared the charter forfeited upon the suspension of specie payments, it was ascer-

Lumpkin et al. vs. Jones.

tained what should amount to a failure of the bank. That the suspension of specie payments in the year 1838 was a failure of the bank: that no subsequent resumption could cure that failure, so as to affect the rights of these parties ; and that there could be but one failure to affect the sale of stock. To which charge of the court below, the plaintiffs in error excepted. After the charge, and while the jury were retiring, the attention of the court was called to the Act of 1840 to compel the several banks of this State to resume payment of their liabilities in specie, and to provide for the forfeiture of the charters of such as might refuse, but the judge below declined charging further : which was also excepted to.

The plaintiffs assigned for error :—

1st. That the testimony admitted for the plaintiff below as to the fact of the suspension of the bank in 1838, was not rebutting to the testimony previously given by the defendants below, of a suspension and failure in 1841 ; and that the judge erred in admitting such testimony.

2d. That the judge erred in charging the jury that the temporary suspension in 1838 was within the meaning of the charter a failure of the bank, and that no subsequent resumption could cure that failure, so as to affect any subsequent sale of stock.

3d. That the judge erred in not charging the jury as to the operation of the act of 1840, requiring the banks to resume specie payments.

A. D. SHACKLEFORD, for plaintiffs in error, cited Charter of the Western Bank of Georgia, *Prince's Dig.* Pamphlet of acts of 1840, page 27. *The People*, vs. *The Bank of Niagara*, 6 *Cowen*, 209. *The People*, vs. *The Bank of Hudson*, 6 *Cowen*, 217. *Terrett et al.*, vs. *Taylor et al.*, 9 *Cranch*, 50.

J. A. JONES, for the defendant in error, cited *Prince's Dig.* 130, 131, sec. 13, 19, 20, Western Bank Charter, and contended that if the refusal to pay specie on the 31st of August, 1841, was such a failure as avoided the transfer of stock made within six months before such refusal, then the refusal to pay in 1838 amounted to such failure, if it did not, then there was no proof of failure at any time. That it not appearing by the record that the act of 1840 had been relied on in the court below by the plaintiffs in error, and the court's attention not being called to it until the jury were retiring, it was then too late, and the court committed no error in refusing to charge the jury thereon.

Wm. Martin, also for defendant in error, contended :—

1. A failure of the bank, as named in the 20th section, is a refusal to perform any of the duties named in the 13th section of the charter.

2. That if the above view was incorrect, no failure had occurred at any time, as the refusal to pay specie in 1841 was the only failure insisted on.

3. If a refusal to pay in 1841 was a failure, the refusal in 1838 was equally a failure.

4. The act of 1840 by its caption prohibited the construction that it was a grant of any new privilege :—its object was to compel a resumption, and to punish a non-compliance.

5. If the act of 1840 be construed as a pardoning statute, the same was on condition of a resumption of specie payments on the 1st of February, 1841. And the judge below did not err in charging the jury that the refusal to pay in 1838 was a failure of the bank, as there was no evidence of a resumption on the 1st of February, 1841. The resumption proved, as appears from the evidence on the trial below, was after the date of the note, and sale of the stock.

J. W. HOOPER, for plaintiffs in error, in reply was stopped by the court.

Judge LUMPKIN declined presiding in this case, in consequence of one of the plaintiffs in error being a relative. Judges Warner and Nisbet being on the bench, after hearing argument, Judge Warner delivered the opinion of the court.

It is alleged on the part of the plaintiffs in error that the court below erred, in admitting testimony going to show a suspension of specie payments by the bank in the year 1838. The plaintiffs in error relied on the fact that the bank refused to pay specie in the year 1841, as good ground of defence in the court below, by virtue of the 20th section of the Act incorporating the Western Bank of Georgia, (*Prince's Dig.* 131,) which declares "All transfers of stock in said bank shall be wholly void, if made within six months *previous* to the failure of said bank, &c." The plaintiffs in error insisted the note sued on was given for bank stock, *within six months previous* to the suspension of specie payments by the bank in the year 1841. The defendant in error offers evidence to prove the bank suspended specie payments in the year 1838—more than six months before the note was given, which evidence in our opinion was properly admitted in the court below, for the reason, if there was a failure of the bank in 1838, then the note sued on was not given for bank-stock within six months previous to the failure of the Western Bank of Georgia, as contemplated by its charter.

The second ground of error assigned is to the charge of the court. The court below charged the jury " the temporary suspension of specie payments by the bank in 1838 was within the meaning of the charter, a failure of the bank, and that no subsequent resumption could cure that failure, so as to affect any subsequent sale of stock."

The charge of the court involves the question as to what is to be considered a *failure* of the bank within the meaning of its charter. By the 13th section of the charter, it is declared, " The said corporation shall not at any time suspend or refuse payments in gold or silver, of any of its notes, bills or obligations, and if the said corporation shall at any time refuse or neglect to pay on demand, any note, bill or obligation, issued by the corporation, according to the contract, promise, or understanding therein expressed, the charter hereby granted shall be forfeited, &c."

By the charter of the Western Bank of Georgia, important privileges are granted to the stockholders, in return for which certain duties are imposed; one of paramount interest to the public is, that payment of the notes, bills, or obligations of the bank, shall be made on demand in gold or silver. The 20th section of the charter provides, "all transfers of stock in said bank shall be wholly void, if made within six months previous to the failure of said bank, but that said stockholders so transferring, shall be deemed, and held liable for the debts of the institution notwithstanding such transfer." It was said on the argument of this cause, the bank could not be considered as having *failed*, until it had been *judicially* ascertained it was insolvent. Without pretending to say the bank was *insolvent*, or that its charter was *forfeited* by its refusal to pay its bills in gold or silver on demand, without judicial investigation; we are of the opinion, such refusal was a gross violation of duty on the part of the bank; and was such a *failure* to accomplish the objects contemplated by the charter, as to make void all transfers of stock made within six months previous to such refusal or failure to redeem its bills in gold or silver— and that the stockholders transferring their stock, after such failure or refusal of the bank to redeem its bills, according to the express terms of the 13th section of the charter, would be liable for the debts of the institution. We place our decision on the obvious intention and mean-

ing of the Legislature, as gathered from the different sections of the charter itself, and are of opinion there was no error in that portion of the charge of the court, " that the temporary suspension of specie payments in the year 1838, was within the meaning of the charter *a failure of the bank.*"

But when we take into consideration the intention of the Legislature, in the passage of the Act of 18th Dec. 1840, (*Hotchkiss Dig.* 362) as well as the effect of it, extending the time to such of the banks as theretofore had suspended specie payments until the 1st of February, 1841, to redeem their liabilities in gold and silver, we are of the opinion the court below committed error in that part of the charge in which the jury were told, " no subsequent resumption could cure that failure, (*the failure in* 1838,) so as to affect any subsequent sale of stock.

The Act of the 18th Dec., 1840, was intended to relieve the suspended banks from the liabilities which they had incurred under their charters, on account of their failure to redeem their liabilities in gold and silver ; and this view of the question is strengthened by the Act of 10th Dec., 1841, which authorizes the governor to arrest the judicial proceedings against certain banks which had been instituted under the provisions of the Act of 1840 ; provided such banks should redeem their liabilities in specie, by the first day of January then next.—*Hotchkiss* 363. If then the Western Bank of Georgia did, in accordance with the provisions of the Act of 18th Dec. 1840, redeem its liabilities in gold and silver, such redemption, or resumption on the part of the bank, in the opinion of the court, did cure the temporary suspension by the bank, in the year 1838—so as to affect the rights of the parties in the sale of stock. The note sued on bears date 11th March, 1841, and consequently the bank stock was transferred subsequent to the Act of 18th Dec., 1840. Whether the bank redeemed its liabilities in specie on the first day of February 1841, or not, this court expresses no opinion. All we intend to say is,—in our judgment, taking into view the Act of 1840, the court below erred in charging the jury, " that no subsequent resumption could cure the failure of the bank to redeem its liabilities in gold and silver in 1838, so as to affect any subsequent sale of stock." Let a new trial be granted.